**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| FARON RAY ISHAM, | * | |
| ADC# 153551 | * | |
| Petitioner, | * | |
| v. | * | |
| | * | No. 5:13CV00132-SWW-JJV |
| RAY HOBBS, Director, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Respondent. | * | |

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

### I.    BACKGROUND

Mr. Isham filed a Petition for Writ of Habeas Corpus alleging his sentence was invalid. (Doc. No. 1.)  On May 13, 2013, the Court entered an Order directing Petitioner to pay the required $5 filing fee or file an Application to Proceed in forma pauperis. (Doc. No. 2.)  Petitioner was given until June 13, 2013, to comply and was notified of the consequences of failing to comply with the Court's Order.[1]  (*Id.*)  Petitioner has failed to pay the filing fee or file an Application to Proceed in forma pauperis and, therefore, has violated Local Court Rule 5.5(c)(2).  Accordingly, this cause of action should be DISMISSED without prejudice.

---

[1]Local Rule of the Court 5.5(c)(2), states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

**III.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.      This cause of action (Doc. No. 1) should be DISMISSED without prejudice.

2.      A certificate of appealability should not be issued.[2]

DATED this 14th day of August, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).